**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LORALYN CHENEVERT * | |
| PLAINTIFF * | |
|  * | CIVIL ACTION NO. |
| VS. * | |
|  * | |
| INTEGRITY FINANCIAL PARTNERS, INC. * | COMPLAINT AND DEMAND |
| DEFENDANT * | FOR A JURY TRIAL |

**COMPLAINT**

**I. INTRODUCTION**

1.      Plaintiff Loralyn Chenevert brings this action against defendant Integrity Financial Partners, Inc. for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION**

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

**III. PARTIES**

3.      Plaintiff, Loralyn Chenevert ("plaintiff"), is a natural person above the age of majority who resides in Livingston Parish, state of Louisiana.

4.      Defendant, Integrity Financial Partners, Inc. (hereinafter referred to as "defendant" or "Integrity") is a Kansas corporation doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129. Integrity, at all times relevant hereto, regularly attempted to

collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about January 15, 2009, an employee of defendant identified as "Ryan Hall" contacted plaintiff via telephone about a debt allegedly due to Cavalry Portfolio Services, L.L.C.

6. This alleged debt was purportedly for sums on a credit card account issued by Maryland Bank National Association.

7. The credit card was issued in the name of Loralyn Chenevert and was used primarily for personal, family or household purposes only.

8. Defendant's employee Mr. Hall requested the contact information and fax number for the human resources department of plaintiff's employer.

9. Mr. Hall also discussed the possibility of garnishing plaintiff's wages with plaintiff.

10. On or about January 28, 2009, plaintiff spoke with another employee of defendant who identified herself as "Viola Coleman."

11. Ms. Coleman informed plaintiff that there had been no payments on the credit card, and that the account had been charged off of the plaintiff's credit report in 2001.

12. Ms. Coleman claimed that this alleged debt had been "reaffirmed as a debt because I guess they determined that you're working and now they're going after you for the money."

13. Ms. Coleman then stated "we're a third-party collection agency and we prepare this for further legal action."

14. Ms. Coleman went on to state that "what they've done is reaffirm the debt so

they can do that every seven years. A lot of people think it's off your credit report after seven years, but if they go and file again a lien against you and that's what they've done, every seven years they can do that."

15. When plaintiff inquired about a statute of limitations for debt collection actions, Ms. Coleman replied, "Yes, ma'am, every seven years there's a statute of limitation but what they do is every seven years they re-file the claim, so that can go on seven years, re-file it, seven more years, re-file it, seven more years."

16. Plaintiff then attempted to dispute the debt to Ms. Coleman, who responded by saying that "to go back after seven years and say you never had the debt when you would have known, you would have gotten letters, is not something you're able to do at this point."

17. Ms. Coleman subsequently told plaintiff that the alleged debt was being reported on plaintiff's credit report, adding that "It has been filed again ma'am...It may have been off, but ma'am they reestablished a claim against you...It's on there now."

18. Plaintiff again tried to dispute the alleged debt, but Ms. Coleman claimed that "They re-filed it effective December 2008 so every seven years they're gonna put a claim against you and it goes back on the credit report. The only way that you are able to get this issue resolved is to either pay it or get it settled."

19. Ms. Coleman again informed plaintiff that "They found out you're working and they're gonna go after you for the money."

20. When plaintiff asked if suit would be filed against her, Ms. Coleman told her that "Another department will determine if you're going to, if they're gonna get the money voluntarily or involuntarily."

21. At the time that defendant attempted to collect this alleged debt, there had been no payments or charges made within three years; thus, it had already prescribed under Louisiana law.

## FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated numerous provisions of the FDCPA including but not limited to sections 1692e(2)(A), 1692e(5) and 1692e(10).

23. Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which she should be compensated in amounts to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant Integrity Financial Partners, Inc. for:

(a) actual damages;

(b) additional damages;

(c) attorney's fees;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

    s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com